[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION RE: MOTION FOR INDEMNIFICATION (#127)
On November 15, 2000, defendant Patricia Kane, filed a motion for indemnification requesting that pursuant to Connecticut General Statutes § 33-1120 (a)(3) she should be granted indemnification for the reasonable costs incurred in maintaining a defense in the action Wheelerv. Kane. This court denied the defendant's motion for indemnification, but rendered this holding without a memorandum of decision. On January 5, 2001, the defendant[1] filed a motion for articulation regarding CT Page 5104 this court's decision on the motion, however, this court denied the defendant's motion for articulation.[2] Upon further review, however, this court has decided to issue an articulation setting forth its basis for denying the defendant's motion.
Connecticut General Statutes § 33-1120 states in relevant part: "(a) A director who is a party to a proceeding because he is a director may apply for indemnification or an advance for expenses to the court conducting the proceeding or to another court of competent jurisdiction. After receipt of an application and after giving any notice it considers necessary, the court shall . . . (3) order indemnification or advance for expenses if the court determines, in view of all the relevant circumstances, that it is fair and reasonable (A) to indemnify the director or (B) to advance expenses to the director, even if he has not met the relevant standard of conduct set forth in subsection (a) of section 33-1117, failed to comply with section 33-1119 or was adjudged liable in a proceeding referred to in subdivision (1) or (2) of subsection (d) of section 33-1117, provided if he was adjudged so liable his indemnification shall be limited to reasonable expenses incurred in connection with the proceeding."
"If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." Office of Consumer Counsel v.Department of Public Utility Control, 234 Conn. 624, 642, 662 A.2d 1251
(1995). By its terms, this statute applies to a "director." The main issue in this action is whether or not the defendant, Patricia Kane, is a duly elected director of the Stamford Historical Society. Consequently, the defendant's request for indemnification was premature because it was undetermined whether the defendant was the lawful director of the organization. For these reasons. the motion for indemnification was denied.
HICKEY, J.